Bruce Malcolm CHEEK, Petitioner–Appellant,

v.

John LAMANNA, Warden; Gilmer County Superior Court, Respondents–Appellees.

No. 00–4079.

United States Court of Appeals, Sixth Circuit.

Aug. 22, 2001.

295

Before KRUPANSKY, SUHRHEINRICH, and SILER, Circuit Judges.

*ORDER*

Bruce Malcolm Cheek appeals pro se from a district court judgment that denied his habeas corpus petition filed under 28 U.S.C. § 2241. His appeal has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

Cheek was convicted of bank fraud in 1995, a violation of 18 U.S.C. § 1344. He was sentenced to 108 months of imprisonment and three years of supervised release.

In his § 2241 petition, Cheek primarily alleged that Georgia authorities had filed a detainer against him regarding state theft charges, that the state's delay in prosecuting these charges violated his right to a speedy trial, and that the detainer affected his classification and eligibility for pre-release programs in the federal prison system. The district court dismissed the petition on May 22, 2000, because Cheek had not exhausted the administrative remedies that were available to him under the Interstate Agreement on Detainers ("IAD"), 18 U.S.C. app. 2, § 2 (2000). Cheek's motion for reconsideration was denied on August 9, 2000, and he now appeals.

The district court properly found that Cheek had not submitted a speedy-trial request to Georgia authorities as prescribed by the IAD. *See* 18 U.S.C. app. 2, § 2, art. III(a)-(c). Thus, dismissal was appropriate, as he had not exhausted the administrative remedies that were available to him. *See Norton v. Parke,* 892 F.2d 476, 479–81 (6th Cir.1989).

Cheek now argues that the failure to exhaust these remedies should be excused because federal authorities had refused to process his speedy-trial request until they received actual notice of pending charges from the state of Georgia. This argument is unpersuasive because Cheek admits that federal officials filed his speedy-trial request on August 23, 2000. Hence, his claim against the federal authorities is now moot.

The IAD allows state officials a period of 180 days in which to act upon a prisoner's speedy-trial request. 18 U.S.C. app. 2, § 2, art. III(a). In the instant case, this period began on or about August 23, 2000, when Georgia officials received Cheek's request from the Bureau of Prisons. *See Fex v. Michigan,* 507 U.S. 43, 52, 113 S.Ct. 1085, 122 L.Ed.2d 406 (1993). Therefore, Cheek's claim against the state authorities was premature, as the district court record contains no indication as to whether they have acted upon that re-

quest. *See United States v. Westmore-land*, 974 F.2d 736, 737–38 (6th Cir.1992).

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.